The Honorable Thomas T. Glover
Chapter 11
Hearing Location: 700 Stewart St., Rm. 7106
Hearing Date: January 27, 2010 (on shortened time)
Hearing Time: 2:30 p.m.
Response Date: January 27, 2010 (time of hearing)

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In re

TACO DEL MAR FRANCHISING CORP.
2414 SW Andover Street, Ste. D-101
Seattle, WA 98106

Debtor.

Case No. 10-10528

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS SUBJECT TO FINAL HEARING

Taco Del Mar Franchising Corp., the Debtor and Debtor In Possession herein (the "Debtor" or "TDM"), Banner Bank ("Banner") and a prior security interest over Canadian royalties and franchise fees in favor of Regge Egger ("Egger") (hereafter collectively the "Secured Creditors") has petitioned the Court for use of cash collateral on an interim basis subject to final hearing:

TDM filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Western District of Washington at Seattle on January 22, 2010.

TDM has debt outstanding to Banner in the approximate amount of $450,000. TDM has debt outstanding to Egger in the approximate amount of $100,000 secured, with an additional of $50,000 unsecured.

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 1
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 1 of 10

Egger holds a security interest on "All royalties and/or franchise fees payable to Debtor by and from Debtor's Canadian franchisees, stores and operations" and was filed under Delaware UCC Filing No. 2007-1797744. Banner holds a security interest later in time to that of Egger on "All inventory, accounts, equipment, franchise fees, furniture and fixtures; whether any of the foregoing is owned or acquired later; all accessions, attachments, accessories, replacements, and additions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles, and other accounts proceeds)," with the term "accounts" including royalties due under franchise agreements pursuant to RCW 62A.9A-102(a)(2)(A). Banner filed its financing statement under Delaware UCC Filing No. 2009-0513553. The collateral for these security interests shall hereafter be collectively referred to as the "Collateral" and the Collateral which existed as of the Petition Date, as the "Prepetition Collateral".

Hereafter, the obligations owed by TDM to Secured Creditors shall be referred to as the "Existing Indebtedness." Without prejudice to the rights of any other party, TDM admits it is liable for and has no defense, counterclaim or offset of any kind to the Existing Indebtedness.

TDM requires the immediate use of the Cash Collateral to minimize disruption and to avoid the termination of its business operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(a)(1) and (c)(2) (the "Final Hearing"). Secured Creditors have consented to TDM's use of Cash Collateral but only pursuant to the terms and conditions of this Interim Order, and the operating budget attached hereto as **Exhibit A** (the "Interim Budget").

Secured Creditors have requested pursuant to 11 U.S.C. §§ 361, 362 and 363, and TDM has agreed to provide, adequate protection in Cash Collateral and the Prepetition Collateral on the terms

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 2
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 2 of 10

set forth herein. Pursuant to and upon the entry of this Order, Secured Creditors' interest in the Prepetition Collateral will be adequately protected on account of TDM's use of Cash Collateral, *provided* that Secured Creditors shall not be prohibited from later asserting that its interest in the Prepetition Collateral lacks adequate protection. Without prejudice to the rights of any other party, TDM admits that by reason of the Loan Documents, the Existing Indebtedness is secured by enforceable liens and security interests on the Prepetition Collateral.

The terms and conditions of this Order are a fair and reasonable response to the TDM's request for Secured Creditors' consent to the use of Cash Collateral, and the entry of this Order is in the best interests of the TDM's estate and its creditors.

TDM's counsel has provided a certification pursuant to Local Rule 4001-2(a) that the terms of this Order comply with this Court's Guidelines for Cash Collateral and Financing Stipulations as applicable to an interim order on use of cash collateral.

Based on the above stipulation, and the Court having found that sufficient and appropriate notice of the hearing authorizing interim use of cash collateral was given,

NOW, THEREFORE, it is HEREBY ORDERED:

1. The Motion is granted on an interim basis with initial payments for the first four week period following entry of this order to be made to Banner Bank in the amount of $5,600, to Regge Egger in the amount of $2,300, and as otherwise set forth herein and in the attached Interim Budget. Capitalized terms used herein shall have the same meaning as set-forth in the Motion.

2. The final hearing ("Final Hearing") on this Motion **seeking entry of a final order ("Final Order")** shall be held on March 1, 2010 at 1:30 p.m., and may be continued from time to time.

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 3
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 3 of 10

3. TDM is authorized, on an interim basis, to use Cash Collateral to fund the costs and expenses of its operations through the date that is the earlier of (i) the conclusion of the Final Hearing; or (ii) entry of a subsequent order of the Court terminating TDM's authority to use Cash Collateral. TDM's authority to use Cash Collateral is limited strictly to the amounts and uses of Cash Collateral as set forth in each line item of the Interim Budget and compliance with the borrowing base requirements of the Loan Documents. Secured Creditors specifically reserve the right at their sole discretion to revoke their consent or amend the terms of their consent to the continued use of Cash Collateral at any subsequent hearing on the use of Cash Collateral, including the final hearing referenced in Paragraph 2. TDM shall not, without the prior written consent of Secured Creditors, make any payments or pay any expenses at any time before the period for which such expense is budgeted, or apply any cost savings in any line item to any cost overruns in any other line item. TDM may not exceed any such line item of the Interim Budget without the prior written consent of Secured Creditors. Consenting to the line item expenses set forth in the Interim Budget shall not be construed as authorization by Secured Creditors for TDM to accrue, and TDM shall not accrue, additional liabilities on credit, or create any obligation or agreement on behalf of Secured Creditors to subordinate, expressly or by implication, any claims or rights to payment that Secured Creditors may now or hereafter hold against TDM or the bankruptcy estate.

4. As adequate protection for TDM's use of Cash Collateral, Secured Creditors are hereby granted security interests and liens (collectively the "Replacement Liens") in and to the following (collectively the "Postpetition Collateral"): (a) all proceeds from the disposition of all or any portion of the Prepetition Collateral, (b) all property of TDM and TDM's estate of the same kind, type and nature as the Prepetition Collateral that is acquired after the Petition Date, and (c) all proceeds of the foregoing. The Replacement Liens are and shall be in addition to the prepetition

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 4
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 4 of 10

liens evidenced by the financing statements, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The Replacement Liens granted to Secured Creditors shall have the same priority position as existed in the Prepetition Collateral prior to the Petition Date and shall be valid and enforceable as of the Petition Date. Further, no other lien of any type or nature shall become prior to the Replacement Liens granted herein as to the Prepetition Collateral or Postpetition Collateral by the passage of time or the acquisition of property, tangible or intangible, by TDM after the Petition Date. The granting of such Replacement Liens shall be in addition to Secured Creditors' rights in the Prepetition Collateral, and nothing contained herein shall constitute a waiver of Secured Creditors' rights and priority in the Prepetition Collateral.

5. The Replacement Liens hereby granted to Secured Creditors shall constitute provision of adequate protection of Secured Creditors' interests in the Prepetition Collateral on account of TDM's use of Cash Collateral pursuant to the terms of this Order. The liens granted hereby shall be valid, perfected and enforceable security interests and liens on the property of TDM and TDM's estate without further filing or recording of any document or instrument or any other action, but only to the extent of Cash Collateral used during the term of this Order, and only to the extent of the enforceability of Secured Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, TDM is authorized and directed to execute and deliver to Secured Creditors such financing statements, mortgages, instruments and other documents, as Secured Creditors may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Liens as set forth herein.

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 5
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 5 of 10

6. If and to the extent the adequate protection of the interests of Secured Creditors in the Prepetition Collateral granted to Secured Creditors pursuant to this Order proves insufficient, Secured Creditors shall be entitled to a claim under 11 U.S.C. §§ 503(b) and 507(b) in the amount of any such insufficiency that shall at all times be senior to the rights of the Debtor in this proceeding under the Bankruptcy Code and shall have priority over any and all unsecured and priority claims in this case, whether incurred or arising before or after the Petition Date, the entry of this Order, or conversion of this case pursuant to section 1112 of the Bankruptcy Code or in any other proceeding related thereto, and whether incurred pursuant to section 726(b) of the Bankruptcy Code or otherwise.

7. As a condition of interim use of the Cash Collateral, and prior to its use of Cash Collateral, TDM is directed to deliver to Secured Creditors such financial and other information concerning its use of the Prepetition Collateral as Secured Creditors shall reasonably request. In addition TDM shall provide Secured Creditors with, (i) bi-weekly reports of actual revenues and expenditures (set forth in a format similar to the Interim Budget); and (ii) the monthly financial reporting required by the US Trustee concurrently with the timely filing of the same.

8. In making decisions to permit or restrict the Debtor's use of Cash Collateral in connection with this Order, Secured Creditors shall not be deemed to be in control of the operations of the Debtor or to be acting as a "controlling person," "responsible person" or "owner" or "operator" with respect to the operation or management of the Debtor (as such terms, or similar terms are used in the Internal Revenue Code or any state or federal statute). Consistent therewith, Secured Creditors consent to the Debtor's use of Cash Collateral pursuant to the terms and subject to the conditions of this Order. Secured Creditors' consent shall not constitute or be deemed to constitute a joint venture or partnership of any kind between the Secured Creditors and the Debtor.

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 6
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 6 of 10

9. The authority of TDM to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (a) TDM's breach of a material term of this Order, provided that if there is a dispute as to the existence or materiality of an alleged breach, TDM's authority to use Cash Collateral shall not terminate for a period of ten (10) business days following Secured Creditors' notice to TDM of the alleged breach to permit TDM the opportunity to seek the appropriate determination or other relief from the Court, and Secured Creditors shall be deemed to have consented to TDM's right to seek such relief on such shortened time without further order of the Court; (b) this Order is stayed, reversed, vacated, amended or otherwise modified in any respect without the prior written consent of Secured Creditors (which consent may be withheld in its sole discretion); (c) conclusion of the Final Hearing; (d) conversion of this case to one under Chapter 7 of the Code; (e) TDM's filing of a motion to obtain financing from a person or entity other than Secured Creditors under Section 364 of the Code, unless such motion proposes to pay all amounts owing Secured Creditors in full; (g) TDM's filing of a motion to grant a lien or security interest on any of the Prepetition Collateral or any property of the estate to a person or entity other than the Secured Creditors, unless such motion includes a proposal to appropriately compensate Secured Creditors therefore, or (h) appointment of a Chapter 11 trustee and the cessation of substantially all of the Debtor's customary business operations. If TDM shall fail to comply with any material provision of this Order, Secured Creditors shall have the right, but not the obligation, to note a hearing before this Court seeking such relief as they may deem appropriate upon five days' notice to (i) counsel for TDM; (ii) counsel for any statutory committee appointed herein; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein, provided that Secured Creditors' failure to note or delay in noting a hearing pursuant to the terms of this paragraph shall

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 7
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 7 of 10

be in no way deemed its acquiescence in such failure to comply nor a waiver of any rights it may acquire as a consequence thereof.

10. The security interests and liens granted herein are hereinafter referred to as the "Postpetition Security Interests." The Postpetition Security Interests shall be (i) senior in rank, priority and right of payment to all other liens on the (1) all TDM's inventory, chattel paper, accounts, equipment, and general intangibles; and (2) all Postpetition Collateral.

11. This Order shall not constitute a waiver by Secured Creditors of any of its rights under the Loan Documents, the Bankruptcy Code or other applicable law, including, without limitation (a) its right to later assert that, notwithstanding the terms and provisions of this Order, any of its interests in the Prepetition Collateral or Postpetition Collateral lack adequate protection within the meaning of 11 U.S.C. §§ 362(d)(1) or 363(e); or (b) its right to later assert a claim under 11 U.S.C. § 507(b). Secured Creditors' failure, at any time or times hereafter, to require strict performance by TDM of any provision of this Order shall not waive, affect or diminish any right of Secured Creditors thereafter to demand strict compliance and performance therewith. No delay on the part of Secured Creditors in the exercise of any right or remedy under this Order shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy. Nothing contained herein shall constitute a waiver by Secured Creditors of its rights under the Loan Documents against TDM or any guarantor of TDM's obligations under the Loan Documents, arising due to existing defaults under the Loan Documents.

12. If any or all of the provisions of this Order are hereafter modified, vacated, terminated, amended or stayed by subsequent order of this Court or any other court, such occurrence shall not affect: (a) the validity of any obligation to Secured Creditors incurred or payment made pursuant to this Order; or (b) the validity or enforceability of any lien or priority authorized hereby with respect

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 8
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 8 of 10

to Secured Creditors. Notwithstanding any such modification, vacation, termination, amendment, or stay any indebtedness, obligation or liability incurred by TDM to Secured Creditors pursuant to this Order prior to the effective date of such modification, vacation, termination, amendment, or stay shall be governed in all respects by the original provisions of this Order, and Secured Creditors shall be entitled to all the rights, remedies, privileges and benefits, including, without limitation, the security interests and liens granted herein. Except as otherwise provided herein, nothing contained in this Order shall be deemed or construed to waive, reduce or otherwise prejudice the rights of TDM, or of Secured Creditors under, or with respect to, their respective agreements and the possessory interests, any liens and security interests granted thereunder or in connection therewith including all personal guarantees previously granted in connection with the Loan. Except as provided herein, each of the parties also reserve and preserve all of their respective rights and remedies under applicable law.

13. Upon entry of the Final Order, in consideration of Secured Creditors' consent to TDM's use of Cash Collateral, the surcharge provisions of 11 U.S.C. § 506(c) shall not be imposed on Secured Creditors without Secured Creditor's consent.

14. The provisions of this Order shall be binding on any trustee appointed by the court in this Chapter 11 case or upon subsequent conversion of this case to one under Chapter 7.

15. TDM is directed to immediately serve notice of the Final Hearing and a copy of this Order by first class mail, postage prepaid, on counsel for Secured Creditors, TDM's twenty largest unsecured creditors, the United States Trustee, taxing agencies as required by Local Rule 4001-2(b), all parties requesting special notice, and all parties that filed written objections to the Motion, which service shall constitute adequate and proper notice of the Final Hearing.

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS - 9
#737431 v1 / 43827-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-TTG    Doc 34    Filed 01/28/10    Entered 01/28/10 10:31:40    Page 9 of 10

| | |
|---|---|
| 1 | 16. This Order shall constitute a final order and shall be effective as of the date of signature |
| 2 | by the Court. |
| 3 | |
| 4 | DATED this ____ day of January 2010. |

*[Signature]*

_____  _____
Thomas T. Glover
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

Presented by:

KARR TUTTLE CAMPBELL

By_____
   George S. Treperinas, WSBA #15434
   Attorneys for Taco Del Mar Franchising Corp.

Approved as to Form and Entry by:
HACKER & WILLIG, INC., P.S.

By  /s/ Elizabeth H. Shea
_____
   Elizabeth H. Shea, WSBA # 27189
   Attorneys for Banner Bank

ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL ON AN
INTERIM BASIS - 10
#737431 v1 / 43827-001

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*

1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## 80% of All Royalties
### Marketing Salaries Removed

| Revenue | Month 1 4 Weeks | Month 2 4 Weeks | Month 3 5 Weeks | Month 4 4 Weeks | Month 5 4 Weeks | Month 6 5 Weeks | Month 7 4 Weeks | Month 8 4 Weeks | Month 9 5 Weeks | Month 10 4 Weeks | Month 11 4 Weeks | Month 12 5 Weeks | 2010 52 Weeks | Scenario 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| US Royalties-Direct Stores | 68.6 | 69.0 | 87.8 | 77.5 | 79.5 | 103.8 | 81.3 | 79.3 | 92.2 | 71.9 | 64.7 | 79.0 | 954.6 | |
| US Royalties-MD | 116.6 | 122.3 | 154.3 | 125.3 | 128.2 | 155.2 | 121.6 | 127.6 | 153.6 | 106.8 | 107.0 | 123.0 | 1541.5 | |
| Canadian Royalties | 36.2 | 41.5 | 54.7 | 46.9 | 51.9 | 69.6 | 53.5 | 54.4 | 69.2 | 48.6 | 44.9 | 46.3 | 618. | |
| Total Royalties | 221.4 | 232.9 | 296.8 | 249.8 | 259.6 | 328.7 | 256.5 | 261.3 | 315.0 | 227.3 | 216.7 | 248.3 | 3114.2 | |
| MD Payments-US | (58.3) | (61.1) | (77.2) | (62.7) | (64.1) | (77.6) | (60.8) | (63.8) | (76.8) | (53.4) | (53.5) | (61.5) | (770.9) | |
| MD Payments-Canada | (18.1) | (20.8) | (27.4) | (23.5) | (26.0) | (34.9) | (26.8) | (27.2) | (34.6) | (24.3) | (22.4) | (29.0) | (314.9) | |
| Total MD Payments | (76.4) | (81.9) | (104.6) | (86.1) | (90.0) | (112.6) | (87.6) | (91.0) | (111.4) | (77.7) | (76.0) | (90.6) | (1085.8) | |
| Franchise Fees | | | | | | | | | | | | | 0.0 | |
| Transfer Fees | | | | | | | | | | | | | 0.0 | |
| Renewal Fees | | | | | | | | | | | | | 0.0 | |
| **Total Revenue** | **145.0** | **151.0** | **192.3** | **163.6** | **169.5** | **216.2** | **168.9** | **170.3** | **203.6** | **149.6** | **140.7** | **157.8** | **2028.6** | |
| Payroll | 75.7 | 75.7 | 94.6 | 75.7 | 75.7 | 94.6 | 75.7 | 75.7 | 94.6 | 75.7 | 75.7 | 94.6 | 984.1 | |
| Payroll Tax | 7.6 | 7.6 | 9.5 | 7.6 | 7.6 | 9.5 | 7.6 | 7.6 | 9.5 | 7.6 | 7.6 | 9.5 | 98.4 | |
| Simple IRA ER Match | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 0.2 | 2.4 | |
| Medical Insurance Regence Blue Shield | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 8.6 | 134.8 | |
| Vision VSP | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 0.3 | 3.0 | |
| **Total Payroll** | **92.4** | **92.4** | **113.2** | **92.4** | **92.4** | **113.2** | **92.4** | **92.4** | **113.2** | **92.4** | **92.4** | **113.2** | **1222.8** | |
| Rent/Storage | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 24.0 | 10' storage 1.5k |
| Office Supplies Office Depot | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 9.6 | printing, faxing, copying, scanning |
| Postage Pitney Bowes | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 12.0 | |
| Cell Phone Cingular | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 24.0 | |
| Webhosting | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 1.4 | |
| New Phone Outsourcing | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6.0 | |
| Auto Expense | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 24.0 | (includes 200 car allowance and gas reimbursement |
| Server Hosting and IT Support | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 12.0 | includes hosting and service |
| Enterprise Hosting Halfrack | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 0.8 | 9.6 | |
| Copier & Printer Wells Fargo | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 5.8 | |
| Umbrella Liability Insurance | 0.3 | 0.3 | 0.4 | 0.3 | 0.3 | 0.4 | 0.3 | 0.3 | 0.4 | 0.3 | 0.3 | 0.4 | 4. | |
| Management Liability Insurance | 0.5 | 0.5 | 0.6 | 0.5 | 0.5 | 0.6 | 0.5 | 0.5 | 0.6 | 0.5 | 0.5 | 0.6 | 6.5 | |
| D&O Canadian Insurance | 0.8 | 0.8 | 1.0 | 0.8 | 0.8 | 1.0 | 0.8 | 0.8 | 1.0 | 0.8 | 0.8 | 1.0 | 9.9 | |
| E&O Liability Insurance | 1.6 | 1.6 | 2.0 | 1.6 | 1.6 | 2.0 | 1.6 | 1.6 | 2.0 | 1.6 | 1.6 | 2.0 | 20.3 | |
| Workers Comp Insurance for Louisiana | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 0.1 | 1. | |
| **Total Insurance** | **3.2** | **3.2** | **4.0** | **3.2** | **3.2** | **4.0** | **3.2** | **3.2** | **4.0** | **3.2** | **3.2** | **4.0** | **41.9** | |
| Bank Fees | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 2.2 | 26.4 | |
| Business Taxes H&O and City of Seattle | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 2.5 | 30.0 | |
| Travel Meals | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 12.0 | |
| Travel Hotels & Airfare | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 3.3 | 40.0 | |
| Sysco Dump Old Products | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6.0 | |
| Legal Fees | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 1.7 | 20.0 | |
| Business Consulting | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 12.0 | |
| Accounting Fees | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 2.9 | 35.0 | |
| Trustee Fees | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 24.0 | |
| **Total Operating Expenses** | **128.9** | **122.9** | **144.6** | **122.9** | **122.9** | **144.6** | **122.9** | **122.9** | **144.6** | **122.9** | **122.9** | **144.6** | **1596.4** | |
| Net Operating Cash Flow | 16.1 | 28.1 | 47.8 | 40.7 | 46.6 | 71.7 | 46.0 | 47.4 | 59.1 | 26.7 | 17.8 | 13.3 | 490.2 | |
| Secure Debt Banner | 5.6 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 60.6 | |
| Egger | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 27.6 | |
| Tax Payment | 5.1 | 15.1 | 20.1 | 20.1 | 20.1 | 20.1 | 20.1 | 20.1 | 20.1 | 10.1 | 10.1 | 13.1 | 191.2 | Jadd Canadian Tax for 8 months at 10k and City of Seattle 5k for 24 months |
| **Total Non Operating Expenses** | **13.0** | **22.4** | **27.4** | **27.4** | **27.4** | **27.4** | **27.4** | **27.4** | **27.4** | **17.4** | **17.4** | **17.4** | **279.4** | |
| Net Cash Flow | 3.1 | 5.7 | 20.4 | 13.3 | 19.2 | 44.3 | 18.6 | 20.0 | 31.7 | 9.3 | 0.4 | (4.1) | 150.8 | |

# Exhibit A