| | |
|---|---|
| 1 | The Honorable Karen A. Overstreet |
| 2 | Chapter 11 |
|   | Hearing Location: 700 Stewart St., Rm. 7206 |
| 3 | Hearing Date: October 1, 2010 |
|   | Hearing Time:    9:30 a.m. |
| 4 | Response Date: September 24 , 2010 |

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In re | Lead Case No. 10-10528-KAO |
| TACO DEL MAR FRANCHISING CORP. | (Administratively Consolidated with |
| Tax ID / EIN: 91-1723173 | 10-10529-KAO) |
| Debtor. | ORDER APPROVING: |
|  | 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF [Dkt. #262] |
| CONRAD & BARRY INVESTMENTS, INC. | |
| Tax ID / EIN: 91-1667322 | |
| Debtor. | 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CERTAIN CONTRACTS; PAYMENT FROM SALE PROCEEDS OF CERTAIN CURE COSTS [Dkt. #322] |

The motions of Taco Del Mar Franchising Corp. ("TDM") and Conrad & Barry Investments, Inc. ("C&B"), the Debtors and Debtors In Possession ("Debtors"), for approval of (1) the Sale, Pursuant to an Auction, of Substantially All of TDM's Assets and Business Free and Clear of Liens; and Additional Relief ("Sale Motion") [Dkt. #262]; and (2) the Assumption and Assignment of Contracts; Rejection of Certain Contracts; Payment from Sale Proceeds of Certain Cure Costs

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 1
#754130 v2 / 43827-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

("Assumption/Rejection Motion") [Dkt. #322]; having both come on for hearing on October 1, 2010 at 9:30 am (collectively the "Sale Hearing") before the Honorable Karen A. Overstreet, United States Bankruptcy Judge for the Western District of Washington, Seattle Division, in Courtroom 7206, located at 700 Stewart Street, Seattle Washington.

**NOW, THEREFORE**, the Court having entered its "Order Approving Bidding Procedures" (the "Procedures Order") and having considered the Sale Motion, the pleadings and papers filed in support thereof, the TDM's Report on Auction Results reporting that the highest and best bid made at the Auction (as defined in the Procedures Order) was made by _____ (the "Buyer") and stating that the Debtors request that the Court approve the sale to the Buyer of the assets specified in that certain Asset Purchase Agreement, dated as [July 22, 2010 for Taco Del Mar Acquisition, Inc.] _____ together with all amendments thereto, a true and correct copy of which is attached hereto (the "APA"[1]). Pursuant to the APA the Debtors have agreed to, among other things, (i) assume, assign and sell to the Buyer, pursuant to section 365 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), the Assumed Executory Contracts, subject to the terms of the APA, and (ii) sell to the Buyer, pursuant to section 363 of the Bankruptcy Code, all of the Acquired Assets, as such transactions (collectively, the "Sale") are more fully set forth in the APA; the evidence proffered or adduced at, memorandum, objections, replies and statements filed in connection with, and arguments of counsel made at, the Sale Hearing; and upon the entire record of the Sale Hearing and this case; and good cause appearing thereof;

---

[1] All otherwise undefined capitalized terms used herein having the meaning provided in the Sale Motion.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 2
#754130 v2 / 43827-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

**IT IS HEREBY FOUND AND CONCLUDED**, pursuant to Bankruptcy Rules 7052 and 9014, that:

A. Voluntary petitions under chapter 11 of the Bankruptcy Code were filed by the Debtors on January 22, 2010.

B. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Debtors have followed the procedures set forth in the Procedures Order for giving notice of the Sale Motion and the Sale Hearing and the assumption and assignment of the Assumed Executory Contracts.

D. The bidding procedures established by the Procedures Order (the "Bidding Procedures") have been fully complied with in all material respects.

E. Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the Sale and the assumption and assignment of the Assumed Executory Contracts has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9013-1 and in compliance with the Bidding Procedures, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale Hearing, the Sale and the assumption and assignment of the Assumed Executory Contracts, the rejection of any contracts, licenses and agreements pursuant to Section 5.3(e) of the APA (the "Rejected Contracts") or the entry of this Sale Order is required.

F. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 3
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 3 of 17

G. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Acquired Assets under the Bidding Procedures. The Debtors marketed the Acquired Assets and conducted the sale process in compliance with the Procedures Order, Bidding Procedures, the other Orders of this Court and the requirements of applicable law. The Auction was conducted in a reasonable and appropriate manner and in compliance with the Procedures Order and the Bidding Procedures.

H. The Buyer is a Qualified Bidder, and the bid submitted by the Buyer at the Auction as reflected in the APA is the highest and best offer for the Acquired Assets. The consideration to be paid by the Buyer under the APA constitutes reasonably equivalent value for the Acquired Assets and the other consideration being offered by the Debtors under the APA.

I. The APA reflects the exercise of TDM's sound business judgment.

J. The Debtors have full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized by all necessary corporate action of the Debtors. The Debtors have all the corporate power and authority necessary to consummate the transactions contemplated by the APA, including, without limitation, the Sale.

K. Approval at this time of the APA and consummation of the Sale, including, without limitation, the assumption and assignment of the Assumed Executory Contracts, is in the best interests of the Debtors and their creditors and estates.

L. The Debtors have demonstrated good, sufficient and sound business purpose and justification for the Sale. The Debtors have also demonstrated compelling circumstances for the Sale and the assumption and assignment of the Assumed Executory Contracts, without the filing and confirmation of a plan of reorganization or liquidation in these cases, including, without limitation, the value of the Acquired Assets is likely to depreciate rapidly in the absence of the Sale.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 4
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 4 of 17

M. The APA was negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the APA or the Sale to be avoided under section 363(n) of the Bankruptcy Code. The Buyer is not an "insider" of either of the Debtors or any of their affiliates as that term is defined in section 101(31) of the Bankruptcy Code.

N. The Buyer is a good faith Buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA. The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, territory, possession or district thereof.

O. The terms and conditions of the APA and the purchase price thereunder (i) are fair and reasonable, (ii) represent the highest and best offer for the Acquired Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical alternative and (iv) constitute fair consideration.

P. The Debtors may sell the Acquired Assets free and clear of all liens, claims, interests and other Encumbrances of any kind or nature whatsoever because, in each case, one or more of the requirements set forth in section 363(f) of the Bankruptcy Code has been satisfied. Specifically, subsection 363(f)(5) ("such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest") is satisfied because Washington law authorizes a general receiver to sell property free and clear of liens "whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the property." RCW 7.60.260. The interests of non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets are adequately protected, because such Encumbrances shall attach to the proceeds of the sale of the Acquired Assets to the same

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 5
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

extent (and in the same priority and subject to the same limitations) as such Encumbrances attached to the Acquired Assets immediately before the sale. Those non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets who did not object, or who withdrew their objections, to the Sale and the assumption and assignment of the Assumed Executory Contracts are deemed to have consented pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Those non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets who did object fall within one or more of the other subsections of sections 363(f) and 365.

Q. The sale of the Acquired Assets to the Buyer is a prerequisite to the Debtors' ability to confirm and consummate a plan of liquidation.

R. The transfer of the Acquired Assets to the Buyer will vest the Buyer with good and marketable title to the Acquired Assets, free and clear of any liens, claims and other encumbrances.

S. Consummation of the Sale, including, without limitation, the transfer of the Acquired Assets to the Buyer will not subject the Buyer to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtors, any affiliate of the Debtors, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability, except that the Buyer shall only be liable for payment of the liabilities assumed in Section 1.4 of the APA.

T. The Buyer will not consummate the Sale, the assumption and assignment of the Assumed Executory Contracts and other transactions contemplated thereby if the Sale of the Acquired Assets to the Buyer is not free and clear of all Encumbrances or if the Buyer would, or in the future could, be liable for any Encumbrances of any kind or nature whatsoever.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 6
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 6 of 17

U. Under section 365 of the Bankruptcy Code, the only amounts (including, without limitation, cure costs) that must be paid in order for the Debtors to assume and assign the Assumed Executory Contracts to the Buyer are set forth on Exhibit A hereto.

V. Each of the Debtors and/or Buyer, as applicable in accordance with the APA, has (i) cured, or provided adequate assurance of curing, any default existing prior to the date hereof under each of the Assumed Executory Contracts, within the meaning of Section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Executory Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of Buyer's future performance under the Assumed Executory Contracts, within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

W. Buyer's undertaking to fulfill all future performance obligations under the Assumed Executory Contracts, upon the assumption and assignment to Buyer thereof, is hereby found to be adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code.

X. No defaults exist in the TDM's performance under any of the Assumed Executory Contracts as of the date of this Sale Order other than the failure to pay amounts equal to the Cure Amounts set forth in Exhibit A hereto or defaults that are not required to be cured as contemplated in section 365(b)(1)(A) of the Bankruptcy Code.

Y. The Debtors have demonstrated a good, sufficient and sound business purpose and justification for the rejection of the Rejected Contracts. Rejection of the Rejected Contracts will not give any person or entity any rights, remedies or claims against Buyer, including, without limitation, any rights under section 365(n) of the Bankruptcy Code, or otherwise result in the creation or preservation of any such right, remedy or claim against Buyer.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 7
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Z. There is no legal or equitable reason to delay the Sale. Cause exists not to apply the automatic ten (10) day stay imposed by Bankruptcy Rules 6004(g) and 6006(d).

AA. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

**IT HEREBY IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The Sale Motion and Assumption/Rejection Motion are both granted in all respects. All objections to the Sale Motion or the Assumption/Rejection Motion, including any declarations opposing such motions, relating to those matters necessary for approval of the such motions, and entry of this Sale Order, if any, that have not been withdrawn, waived or settled are hereby overruled on the merits. All persons and entities given notice of the Sale Motion and Assumption/Rejection Motion that failed to timely object thereto are deemed to consent to the relief sought therein including without limitation all non-debtor parties to the Assumed Executory Contracts.

2. The APA and the transactions contemplated thereby, including, without limitation, the Sale, are hereby approved in all respects. Debtors have good and valid title to the Acquired Assets and the transfer of the Acquired Assets by Debtors to the Buyer shall be a legal, valid and effective transfer of the Acquired Assets, free and clear of any liens, claims and other encumbrances. The Closing of the Sale and the other transactions contemplated thereby are hereby approved and authorized under section 363(b) of the Bankruptcy Code.

3. Pursuant to section 365 of the Bankruptcy Code, effective as of the Closing, the Debtors shall (i) assume and assign to Buyer the Assumed Executory Contracts identified on <u>Exhibit A</u> hereto free and clear of all liens and claims, and (ii) execute and deliver to the Buyer such documents

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 8
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO   Doc 370   Filed 10/04/10   Entered 10/04/10 17:02:54   Page 8 of 17

or other instruments as may be necessary to assign and transfer such Assumed Executory Contracts to the Buyer as contemplated by the APA. Buyer may, in its sole discretion at any time prior to the Closing, remove any Contract from Exhibit A, in which case such Contract shall not be an Assumed Contract, but rather shall be an Excluded Asset. Upon assumption and assignment to Buyer of the Assumed Executory Contracts, the Debtors are relieved from any and all liability for any breach of any Assumed Contract occurring after such assignment as provided for under Section 365(k) of the Bankruptcy Code.

4. The Rejected Contracts shall be, and hereby are, rejected as of the Closing Date set forth in the APA. No person or entity shall have any claims, remedies or rights against the Buyer, whether under section 365(n) of the Bankruptcy Code or otherwise, as a result of, in connection with or arising from the rejection of the Rejected Contracts.

5. **The last date for parties to Rejected Contracts to file rejection claims with this Court shall be November 10, 2010 ("Rejection Claim Bar Date"), which is the last date on which parties whose contracts are rejected may submit their rejection claims ("Rejection Claims") to the Bankruptcy Court. Debtor shall give notice to parties with Rejection Claims of the Rejection Claim Bar Date**.

6. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized to and shall sell, and Buyer shall buy, the Acquired Assets on the terms and conditions set forth in the APA free and clear of all Encumbrances of any kind or nature, whether incurred voluntarily or arising by operation of law, in the United States or elsewhere, and all debts arising in any way in connection with any acts of the Debtors, claims (as that term is defined in the Bankruptcy Code), obligations,

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 9
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

liabilities, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, arising prior to the Closing Date or relating to acts occurring prior to the Closing Date, whether imposed by agreement, understanding, law, equity or otherwise and whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise (the foregoing are collectively referred to as "Claims" herein), other than Encumbrances and Claims that are expressly assumed by Buyer in the APA. Any Encumbrances that encumber or are found to encumber or purport to encumber the Acquired Assets shall be transferred to and attach to the net proceeds of the Sale under the APA (after the payments specified herein) to the same extent and in the same priority that they encumbered the Acquired Assets.

7. In furtherance of the foregoing and except for Claims that Buyer is expressly assuming in Section 2.2 of the APA, Buyer is not assuming nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for any Encumbrances or Claims of the Debtors or Encumbrances or Claims in any way whatsoever relating to or arising from the Acquired Assets or the Debtors' operations or use of the Acquired Assets, including, without limitation, the Assumed Executory Contracts, on or prior to the Closing Date or any Encumbrances or Claims that in any way whatsoever relate to periods on or prior to the Closing Date or are to be observed, paid, discharged or performed on or prior to the Closing Date (in each case, including any Encumbrances or Claims that result from, relate to or arise out of tort or other product liability claims, in the United States or elsewhere), or any Encumbrances or Claims calculable by reference to the Debtors or their assets or operations, or relating to continuing conditions existing on or prior to the Closing Date, which Encumbrances and Claims are hereby extinguished insofar as they may give rise to successor liability,

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 10
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 10 of 17

without regard to whether the claimant asserting any such Encumbrances or Claims has delivered to Buyer a release thereof. Without limiting the generality of the foregoing, Buyer shall not be liable or responsible, as a successor or otherwise, for Encumbrances and Claims, whether calculable by reference to the Debtors or their operations, or under or in connection with (i) any employment or labor agreements, consulting agreements, severance arrangements, change-in-control agreements or other similar agreements to which one of the Debtors is a party, (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of one of the Debtors, (iii) the cessation of either of the Debtors', or their subsidiaries, operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, obligations that might otherwise arise from or pursuant to the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), the Worker Adjustment and Retraining Notification Act, or any such similar regulation in the United States or elsewhere, (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims, (v) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contamination substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 *et seq.*, (vi) any bulk sales or similar law, (vii) any liabilities, debts,

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 11
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO   Doc 370   Filed 10/04/10   Entered 10/04/10 17:02:54   Page 11 of 17

commitments or obligations of, or required to be paid by, the Debtors for any taxes of any kind for any period, (viii) any liabilities, debts, commitments or obligations for any taxes relating to the operations or Acquired Assets for or applicable to any pre-Closing tax period, including any property taxes, (ix) any liabilities, debts, commitments or obligations for any transfer or similar taxes, (x) any cure amounts payable pursuant to section 365(b)(1)(A), (B) or (C) of the Bankruptcy Code in order to effectuate, pursuant to the Bankruptcy Code, the assumption by the Debtors and assignment to Buyer of the Assumed Executory Contracts, except to the extent that Buyer has assumed such liabilities under the APA, (xi) any liabilities, debts, commitments or obligations of any kind under any contract or lease that is not an Assumed Contract, (xii) any litigation, and (xiii) any products liability or similar claims, whether pursuant to any federal laws or otherwise.

8. The recitation, in the immediately preceding paragraph of this Sale Order, of specific agreements, plans or statutes is not intended, and shall not be construed, to limit the generality of the categories of Encumbrances and Claims referred to therein.

9. All parties holding Encumbrances or Claims of any kind or nature whatsoever against or in the Debtors, or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Acquired Assets, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Acquired Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Encumbrances or Claims against the Buyer, its successors or assigns, property, or assets, whether or not a party asserting any such Lien or Claim has delivered to Buyer a release thereof.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 12
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 12 of 17

10. In the absence of a stay pending appeal, if the Buyer and the Debtors elect to close under the APA at any time after entry of this Order, then, with respect to the Sale, the Buyer, as a Buyer in good faith, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal.

11. In the event that any person or entity (as those terms are defined in the Bankruptcy Code) which has filed statements or other documents or agreements evidencing Encumbrances on the Acquired Assets has not delivered in escrow to the Debtors' counsel prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of Encumbrances which such person or entity has with respect to the Acquired Assets, each of the Debtors or the Buyer, on behalf of the Debtors, is, after Closing and payment of the Purchase Price as provided for in the APA, authorized and directed to execute and file or record such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets.

12. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of said assets to the Buyer on the Closing Date.

13. Each of the Debtors are authorized to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary to perform the terms and provisions of the APA, and shall take any other action for purposes of assigning, transferring, granting, conveying, and confirming to the Buyer, or reducing to possession, any or all of the Acquired Assets and to execute such

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 13
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 13 of 17

nonmaterial amendments to the APA and related agreements as may be required to effectuate the letter and intent of the APA and the consummation of the Sale to the extent contemplated by the APA.

14. To the extent stamp, documentary, sales and/or other Transfer Taxes are payable, such taxes shall be paid by the by the party that is customarily responsible for payment of such taxes in transactions of this nature.

15. At or after the Closing, the Debtors are authorized to pay any expenses or costs that are required to be paid in order to consummate the Sale or perform their obligations under the APA.

16. The Assumed Executory Contracts listed on <u>Exhibit A</u> shall, upon assignment to the Buyer, be deemed to be valid and binding and in full force and effect and enforceable in accordance with their respective terms, except as otherwise specifically determined by the Court, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.

17. Each non-debtor party to an Assumed Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Debtors or the Buyer, or the property of any of them, any default existing as of the date of the Sale Hearing, or any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors.

18. Other than the Assumed Executory Contracts, Buyer assumes none of the Debtors' other leases and contracts and shall have no liability whatsoever thereunder.

19. Subject to the provisions of the APA, this Court retains jurisdiction to (i) enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 14
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 14 of 17

thereunder, and each of the agreements executed in connection therewith, (ii) compel delivery of the Acquired Assets to the Buyer, (iii) compel delivery of the purchase price and all adjustments to the purchase price under the APA, (iv) resolve any disputes, controversies or claims arising out of or relating to the APA, (v) interpret, implement and enforce the provisions of this Sale Order and (vi) protect the Buyer against any claims, causes of action or other liabilities of whatever nature that it did not expressly assume under the APA.

20. The provisions of this Sale Order authorizing the Debtors to enter into the APA and authorizing the transactions contemplated thereby shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file any releases, termination statements, assignments, consents or other instruments in order to effectuate consummation to implement the foregoing provisions hereof except as expressly provided in the APA. Notwithstanding the foregoing, the Debtors, Buyer and all other parties are authorized and directed to take any and all actions necessary and appropriate to effectuate, consummate and implement fully the APA consistent with their obligations under the APA.

21. This Order is binding upon and inures to the benefit of any successors or assigns of the Debtors or the Buyer, including any trustee appointed in any subsequent case of the Debtors under Chapter 7 or 11 of the Bankruptcy Code.

22. This Sale Order is and shall be (i) effective as a determination that, on the Closing Date and after consummation of the Closing and payment of the Purchase Price as provided for herein, all Encumbrances and Claims existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated as charges against the Acquired Assets and/or the

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 15
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 15 of 17

Buyer (but not as against any other person or entity or the proceeds of the Sale, to which the Encumbrances attach as previously provided, or as against the Debtors' estates, to which Claims remain assertable), and that the conveyance of the Acquired Assets described herein have been effected, and (ii) binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

23. No claim of any kind asserted by the Debtors at any time against any party to any one of the Assumed Executory Contracts shall entitle such party to assert, as against the Buyer, any claim, counterclaim, defense or offset, or affect or impair in any respect the obligations of such party to the Buyer under any one of the Assumed Executory Contracts.

24. The Court hereby orders that the ten-day stays provided for in Bankruptcy Rules 6004(g) and 6006(d) shall not be in effect with respect to the Sale and the other transactions contemplated in the APA (including, without limitation, the assumption and assignment to the Buyer of the Assumed Executory Contracts), and thus this Sale Order shall be effective and enforceable immediately upon entry. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot in the event that the Buyer and the Debtors elect to close prior to this Order becoming a final, non-appealable order.

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 16
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 16 of 17

25. The provisions of this Sale Order and the APA are non-severable and mutually dependent.

26. Nothing contained in any plan of reorganization or liquidation confirmed in these Cases or any Order of this Court confirming such plan or any other order entered in these Cases shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

27. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material and has been provided to the Creditors' Committee in a timely manner for review and comment.

Dated this _____ day of _____, 2010.

_____
The Honorable Karen A. Overstreet
United States Bankruptcy Judge

Presented by:

KARR TUTTLE CAMPBELL

By: /s/ George S. Treperinas
_____
George S. Treperinas, WSBA #15434
Attorneys for Debtors-in-Possession
Taco Del Mar Franchising Corp. and
Conrad & Barry Investments, Inc.S

ORDER APPROVING: 1. SALE, PURSUANT TO AN AUCTION, OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND BUSINESS FREE AND CLEAR OF LIENS; AND ADDITIONAL RELIEF; and 2. ASSUMPTION AND ASSIGNMENT OF CONTRACTS; REJECTION OF CONTRACTS; PAYMENT OF CERTAIN CURE COSTS - 17
#754130 v2 / 43827-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-10528-KAO    Doc 370    Filed 10/04/10    Entered 10/04/10 17:02:54    Page 17 of 17